FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUL 25 P 12:32

CLERK'S OFFICE
AT BALTIMORE



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Richard C. Kay
Assistant United States Attorney
Richard.Kay@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4850
MAIN: 410-209-4800
FAX: 410-962-9293

June 3, 2014

Kenneth Ravenell, Esquire
Murphy, Falcon & Murphy
One South Street, 23rd Floor
Baltimore, Maryland 21202

   Re: United States v. George S. Frink, Jr.,
      Criminal No. JFM-13-0617

Dear Mr. Ravenell:

  This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. **If this offer has not been accepted by June 17, 2014, it will be deemed withdrawn.** The terms of the agreement are as follows:

### Offense of Conviction

1.  The Defendant agrees to plead guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to the single count Indictment now pending against him, which charges him with possession of five kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. section 841(a)(1). The Defendant also agrees to waive indictment and to plead guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a one count Criminal Information that will charge him with structuring cash deposits in violation of 31 U.S.C. section 5324(a)(3). The Defendant admits that he is, in fact, guilty of those two offenses and will so advise the Court.

### Elements of the Offense

2.  The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Gov't Exhibit No. __1__
Case No. _JFM-13-0617_
Identification _7-25-14_
Admitted: _____

Drug offense:
a) that the defendant possessed more than five kilograms of cocaine;
b) that he knowingly did so; and
c) that he intended to distribute the cocaine.

Structuring offense:
a) that the defendant knew that a financial institution was required to report currency transactions in excess of $10,000;
b) that he engaged in the structuring of a number of currency transactions with one or more domestic financial institutions; and
c) that he did so with the intent and purpose of evading the reporting requirements of 31 U.S.C. section 5313 and the regulations prescribed under that section.

## Penalties

3. The maximum sentences provided by statute for the two offenses to which the Defendant is pleading guilty are as follows: (a) for the drug offense, life imprisonment without the possibility of parole and a ten year mandatory minimum, five years of supervised release, and a fine of $10,000,000; and (b) for the structuring offense, ten years imprisonment without the possibility of parole, three years of supervised release, and a fine of $500,000. In addition, the Defendant must pay $200 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. The Court normally could order restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, but these are not the sort of offenses for which restitution is appropriate. If a fine is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.[1] The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

(a) If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

(b)  The Defendant has the right to have his case presented to a grand jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information as to the structuring charge, he is giving up that right, and understands that the charge will be filed by the United States Attorney without the grand jury. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

(c)  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

(d)  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

(e)  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

(f)  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

(g)  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

(h)  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences

3

with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the statement of facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt.

7. This Office and the Defendant understand, agree and stipulate to the following applicable sentencing guidelines factors:

(a) Drug offense: the parties stipulate and agree that **the base offense level for this offense is thirty-two (32)**, pursuant to U.S.S.G. §2D1.1(a)(5) and (c)(4). The parties further stipulate that the base offense level should be decreased by **two (2) levels** pursuant to §2D1.1(c)(16)("safety valve") because, with the exception of the undetermined criminal history, the defendant apparently has met the criteria set forth in §5C1.2(a). The parties further agree that no other special offense characteristics apply. Consequently, if the safety valve provision applies, **then the adjusted offense level for this offense is thirty (30)**.

(b) Structuring offense: the parties stipulate and agree that **the base offense level for this offense is six (6)**, pursuant to U.S.S.G. §2S1.3(a)(2), and that **eight (8) levels are added** because the structuring conduct involved more than $70,000 but less than $120,000, pursuant to U.S.S.G. §§2S1.3(a)(2) and 2B1.1(b)(1)(E). The parties further stipulate and agree that **a two (2) level increase** is appropriate pursuant to U.S.S.G. §2S1.3(b)(1) because the defendant knew that the funds were the proceeds of unlawful activity. **This yields an adjusted offense level of sixteen (16)**.

(c) Grouping: the parties stipulate and agree that the two offenses should be grouped together pursuant to U.S.S.G. §§3D1.1 and 3D1.2(d). **Thus, the offense level for the grouped offenses is thirty (30)**, pursuant to U.S.S.G. §§3D1.3(b) and 3D1.4, assuming the application of the safety valve provision.

8. This Office does not oppose a **two (2) level reduction** in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for **an additional one (1) level decrease** in recognition of the Defendant's timely notification of his intention to plead guilty. **Thus, the final offense level is twenty-seven (27)**, assuming the application of the safety valve provision. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offenses; (c) gives conflicting statements about his involvement in the offenses; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

9. (a) This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures, or adjustments set forth in the United States Sentencing Guidelines, which are not mentioned in this agreement or the sealed supplement, will be raised or are in dispute.

(b) Because the United States Sentencing Commission has voted to send to Congress a proposed amendment to the guidelines to revise the Drug Quantity Table and the Department of Justice supports that amendment, **the defendant will request a downward variance, pursuant to 18 U.S.C. section 3553(a), of two levels**, consistent with the amendment, and the government agrees not to object to that request. The defendant agrees not to seek a further reduction in the future, pursuant to 18 U.S.C. section 3582(c), on the basis of that amendment. **This yields an agreed initial variant offense level of twenty-five (25)**, assuming the application of the safety valve provision.

(c) The defendant also has reserved the right to argue, pursuant to **18 U.S.C. section 3553(a), for a further downward variance of two levels and a sentence outside of the advisory guideline range.** The defendant has specified that the grounds for the variance are (1) his minimal criminal record for an offense in 1997, (2) a lack of any history of violence, (3) a long history of stable employment, and (4) a stable family with three children.

10. (a) The Defendant understands that there is no agreement as to his criminal history or criminal history category. However, because of the extent of his criminal history that is known to the parties and the nature of the offenses, this Office and the Defendant agree to make a joint request, pursuant to 18 U.S.C. section 3553(a), for the following: if the safety valve provision applies and the Court agrees to the downward variance of two levels mentioned in paragraph 9(c) above, then **the parties will make a joint request that the defendant be sentenced to a term of 51 months in prison without parole**. The parties agree that such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote the respect for law, to provide just punishment for the offense, to afford adequate deterrence to further criminal conduct, to protect the public from further crimes of the defendant,

5

and to provide the defendant with needed training, medical care, and other correctional treatment.

(b)     The parties stipulate and agree **pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 51 months imprisonment in the custody of the Bureau of Prisons in accordance with the terms in paragraph 10(a) is the appropriate disposition of this case.** This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5) and (d).

11.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Forfeiture

12.     The defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order will include the following assets, which were used to facilitate the drug offense:
- One black 2007 Cadillac Escalade, VIN 1GYFK63857R351141; and
- One black 2008 Mercedes-Benz S550, VIN WDDNG86X78A209266.

13.     The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant agrees to assist fully in the forfeiture of the foregoing assets, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title. The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

## Waiver of Appeal

14.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

(a)     The Defendant knowingly waives all right, pursuant to 28 U.S.C. §1291 or otherwise, to appeal the Defendant's conviction;

(b)     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. §3742, or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) **the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 51 months' imprisonment;** (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 51 months' imprisonment.

(c)     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

(d)     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Obstruction or Other Violations of Law

15.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph. **This agreement resolves all potential charges pertaining to the Defendant based on the statement of facts attached to this agreement as well as the facts set forth in the affidavits in support of the search warrants in case numbers 13-2547-SKG and 13-2552-SKG.**

7

### Court Not a Party

16.  The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(B), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

17.  This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

_____
Richard C. Kay
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6-18-14
Date

George S. Frink, Jr.

8

I am **George S. Frink, Jr.**'s attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/18/14
Date

Kenneth Ravenell, Esquire

9

# ATTACHMENT A:
# STATEMENT OF FACTS

The United States of America and the Defendant, **George S. Frink, Jr.**, stipulate and agree to the following facts that the United States would have proven beyond a reasonable doubt if the case had proceeded to trial.

On October 25, 2013, government surveillance agents saw **George S. Frink, Jr.**, arrive at 8 Church Lane, Pikesville, Maryland, in a black 2008 Mercedes-Benz S550, VIN WDDNG86X78A209266. Frink parked behind a black 2007 Cadillac Escalade, VIN 1GYFK63857R351141. Frink then drove away in the Cadillac and returned after about 20 minutes. Frink then removed an orange, five-gallon bucket from the trunk of the Mercedes and placed it in the Cadillac.

Later that same day, government agents executed a search warrant on the Cadillac and found approximately 14 kilograms of cocaine in the vehicle. Seven of the kilogram bricks were found in an orange, five-gallon bucket that was on the back seat. The substance was subsequently tested by the Drug Enforcement Administration laboratory and confirmed to be cocaine hydrochloride, a Schedule II controlled substance.

Agents searched **George S. Frink, Jr.**, incident to arrest and found the registrations for the license plates that were on the Mercedes and on the Cadillac.

During 2013, 31 U.S.C. section 5313, and 31 C.F.R. sections 1010.311 and 1010.306(a), required that any financial institution that engages in a transaction involving more than $10,000 in U.S. Currency must file a report of the transaction with the Internal Revenue Service. Also, 31 C.F.R. section 1010.313(b) provided that multiple transactions at the same financial institution on the same day must be treated as a single transaction.

During that same period, 31 U.S.C. section 5324(a)(1) and 31 C.F.R. section 1010.314(a) made it an offense to cause a domestic financial institution to fail to file a report required under 31 U.S.C. section 5313. Also, 31 U.S.C. section 5324(a)(3) and 31 C.F.R. section 1010.314(c) made it an offense to structure any transaction with one or more domestic financial institutions to avoid the reporting requirements.

During that same period, 31 C.F.R. section 1010.100(xx) defined "structuring" to include conducting one or more transactions in currency, in any amount, at one or more financial

1

institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under section 1010.311.

During the period from January through September 2013, **George S. Frink, Jr.**, had two Bank of America accounts: ****1299 and ****1286. During that period and in at least 10 instances, **George S. Frink, Jr.**, made a number of deposits, or caused others to make multiple deposits into those two bank accounts in amounts always under $10,000. These deposits were designed to evade the currency reporting requirements mentioned above because, in each instance, multiple deposits were made on the same day into the same account or into the two accounts. The total of these deposits is approximately $98,000.

For example, on Wednesday, May 22, 201, **George S. Frink, Jr.**, made a cash deposit of $5,000 into his Bank of America account ****1299 at an ATM in Randallstown, and then made a cash deposit of $9,000 in his Bank of America account ****1286 at the Randallstown branch #11.

During that same period, **George S. Frink, Jr.**, had knowledge of the requirement that a bank file a currency transaction report ("CTR") with respect to any transaction involving more than $10,000 in cash. The Defendant knowingly and willfully structured the deposits described above for the purpose of evading the reporting requirements that also are described above.

AGREEMENT:

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

Agreed on this ____ day of June 2014.

_____
George S. Frink, Jr.,

2